IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**TOMMY SPAN,**
**FLORIDA D.O.C. # 046141,**

    **Plaintiff,**

vs.                              Case No. 4:11cv335-SPM/WCS

**EDWIN BUSS, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983, doc. 1, and a motion seeking leave to proceed *in forma pauperis*, doc. 2. Plaintiff is not entitled to proceed with *in forma pauperis* status in federal court. 28 U.S.C. § 1915(g).

Plaintiff has had three or more cases previously dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Moreover, Plaintiff did not disclose all prior cases on the complaint form.

Plaintiff listed having filed a prior state court case, and then listed case 5:10cv80, which he noted was dismissed as frivolous, when responding to Question B. Doc. 1, p.

3. Plaintiff also listed that case in response to Question D concerning dismissals for reasons such as frivolous, malicious, or failing to state a claim. *Id.*, at 4.

Plaintiff failed to disclose that he also appealed the dismissal of case 5:10cv80. The appeal was dismissed as frivolous with the Eleventh Circuit upholding the district court's dismissal of his case as an abuse of the judicial process (because Plaintiff failed to disclose prior lawsuits). Plaintiff, therefore, did not accurately present the basis for his dismissal in case 5:10cv80.

Additionally, Plaintiff failed to disclose that he also previously filed case 8:96cv1900, which was dismissed prior to service, and then Plaintiff appealed that dismissal. The Court of Appeals found the complaint was frivolous. That counts as Plaintiff's third "strike" under 28 U.S.C. § 1915(g).

However, Plaintiff also filed case 4:05cv63 in this court. It was dismissed in May, 2005 for failure to state a claim. Plaintiff did not disclose any of these cases, and review of the PACER system reveals that plaintiff Tommy Span, inmate # 046141, filed each of these cases.

Plaintiff is not entitled to proceed *in forma pauperis* as precluded by 28 U.S.C. § 1915(g). Moreover, Plaintiff has again attempted to abuse the judicial process by failing to identify all previous cases he has filed and all prior § 1915 dismissals. Doc. 1.

Plaintiff's instant complaint does not demonstrate Plaintiff is under imminent danger of serious physical injury. No named Defendant works at the institution which houses the Plaintiff. Thus, Plaintiff is not entitled to proceed with this case without full prepayment of the $350.00 filing fee. This dismissal is without prejudice to Plaintiff's filing a new action in which Plaintiff clearly admits he is not entitled to *in forma pauperis*

status due to his "strikes" under § 1915(g), and for which Plaintiff pays the entire filing fee at the time he submits the complaint.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to proceed *in forma pauperis*, doc. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g); that Plaintiff's complaint, doc. 1, be **DISMISSED without prejudice** for abuse of the judicial process; and that the Clerk of Court note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on July 20, 2011.

      s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**